2011 UT App 145

**STATE of Utah, Plaintiff and Appellee,**

v.

**Kason S. GOWER, Defendant and Appellant.**

No. 20110072–CA.

Court of Appeals of Utah.

May 5, 2011.

J. Bryan Jackson, Cedar City, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges ORME, ROTH, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Kason S. Gower appeals from the Judgment and Sentence entered by the district court on December 17, 2010. This matter is before the court on its sua sponte motion for summary disposition due to lack of jurisdiction or, in the alternative, because the issues raised are so insubstantial as not to merit further proceedings and consideration by this court. We affirm.

¶ 2 On December 16, 2010, Gower pleaded guilty to driving under the influence of alcohol, a class A misdemeanor. Gower waived the time for sentencing, and his sentence was entered the following day. Gower never filed a motion to withdraw his plea.

¶ 3 In order to challenge the validity of a guilty plea, a defendant must file a motion to withdraw his plea before the sentence is announced. See Utah Code Ann. § 77–13–6(2)(b) (2008); *State v. Merrill*, 2005 UT 34, ¶¶ 13–20, 114 P.3d 585. Absent a timely motion to withdraw a guilty plea, this court does not have jurisdiction over a direct appeal to review the validity of the plea. *See Merrill*, 2005 UT 34, ¶¶ 13–20, 114 P.3d 585; *see also* Utah Code Ann. § 77–13–6(2)(c) ("Any challenge to a guilty plea not made within the time period specified in Subsection (2)(b) shall be pursued under Title 78B, Chapter 9, Post–Conviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure."). This jurisdictional bar extends to claims concerning the effectiveness of counsel. *See State v. Rhinehart*, 2007 UT 61, ¶ 14, 167 P.3d 1046. Furthermore, "[t]he general rule applicable in criminal proceedings, and the cases are legion, is that by pleading guilty, the defendant is deemed to have admitted all of the essential elements of the crime charged and thereby waives all nonjurisdictional defects, including alleged pre-plea constitutional violations." *State v. Parsons*, 781 P.2d 1275, 1278 (Utah 1989).

¶ 4 Gower sets forth several issues for review that relate either to the validity of his plea or to pre-plea rulings by the district court. To the extent that such issues relate to the validity of the plea, this court lacks

jurisdiction to review such issues because Gower failed to timely file a motion to withdraw his plea. *See Merrill*, 2005 UT 34, ¶ 20, 114 P.3d 585. To the extent that such issues relate to any other pre-plea issue concerning the district court's rulings or the conduct of either his or the State's counsel, such issues were waived. *See Parsons*, 781 P.2d at 1278.

¶ 5 Finally, Gower alleges that the district court abused its discretion at sentencing. This court " 'traditionally affords the trial court wide latitude and discretion in sentencing.' ... Generally, we will reverse a trial court's sentencing decision only if it is an abuse of the judge's discretion." *State v. Helms*, 2002 UT 12, ¶ 8, 40 P.3d 626 (citations omitted). Here, the district court imposed a one-year jail sentence and a fine of $4,783. However, the court suspended the jail time and all but $1,550 of the fine, provided that Gower successfully completes the terms of his probation. Under the circumstances present in the case, we cannot conclude that the district court abused its discretion in entering the sentence it did.

¶ 6 Affirmed.